## BAYER STEAM SOOT BLOWER CO. v. DIAMOND POWER SPECIALTY CO.

(Circuit Court of Appeals, Sixth Circuit. May 8, 1923.)

No. 3788.

**Patents ⊕328—1,032,583, for boiler cleaner, not infringed.**

> Bayer patent, No. 1,032,583, for a boiler cleaner, *held* not infringed by a device used by defendant the installation of which involved merely an extension or adaptation of a boiler cleaner covered by complainant's patent, No. 919,680, designed for short boilers, to the use and work of cleaning long boilers.

Appeal from the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Patent infringement suit by the Bayer Steam Soot Blower Company against the Diamond Power Specialty Company. Judgment for defendant, and complainant appeals. Affirmed.

Harry A. Beimes, of St. Louis, Mo., and Wm. M. Swan, of Detroit, Mich., for appellant.

W. J. Belknap, of Detroit, Mich. (Whittemore, Hulbert, Whittemore & Belknap, and C. B. Belknap, all of Detroit, Mich., on the brief), for appellee.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. This appeal involves the validity, and, if valid, the infringement, of claim 1 of United States letters patent 1,032,583, issued July 16, 1912, to Bayer Steam Soot Blower Company of St. Louis, Mo., as assignee of the inventor, Leo John Bayer. The answer to the complaint alleges invalidity and denies infringement. Upon the issue so joined the District Court found no infringement, and dismissed the bill of complaint, with costs.

The patent in suit relates to improvement in boiler cleaners. Claim 1 reads as follows:

"In combination with a boiler having a water tube section comprising circulating water tubes communicating with the boiler, said tubes being provided with a bottom horizontal baffle terminating at the rear a suitable distance from the adjacent ends of the tubes, a furnace provided with a fire box and a combustion chamber beneath the baffle aforesaid, and suitable cleaning nozzles discharging rearwardly above the baffle at the zone of initial precipitation of suspended impurities carried by the gases discharged from the combustion chamber."

It is conceded that boiler cleaners of somewhat similar construction are old in the art. This claimed invention purports to be an improvement on the boiler cleaner forming the subject-matter of United States

letters patent No. 919,680, issued under date of April 27, 1909, to Frank X. Bayer, father of Leo John Bayer; the object declared by the applicant being to extend the principle of operation contemplated and disclosed in the Frank X. Bayer patent to boilers of the Heine type. For the purpose of this case it is unnecessary to consider the prior patent art, except as exemplified in the Frank X. Bayer patent, No. 919,680, although Bayer, No. 900,078, Hazlett, No. 544,619 and Meier, No. 529,741, are pertinent.

The boiler cleaner of the Bayer patent, No. 919,680, accomplished the same results in short boilers as the device of the patent in suit accomplishes in longer ones. The first amended claims in the application for the patent in suit were properly rejected by the patent examiner for the reason that:

"The Bayer patent, 919,680, certainly shows every element enumerated in the claims except that the applicant, in case of a longer boiler, extends the nozzles shown in patent 919,680 to a point where experience indicates most accumulation of soot. This would be the idea of any mechanic."

This ruling of the patent examiner was accepted by the applicant, and the claims were again amended, and, as so amended, were allowed.

It is claimed on behalf of the appellant that the device of the patent in suit is distinguished from a mere extension of the nozzles of the prior art by the fact that the nozzles of the front blower are extended to a definite point and positioned to operate in conjunction with the nozzles of the rear blower, so that some of the jets operate with the furnace draft while others operate against it; the apportionment being such that the resultant of the cumulative force of the jets will leave unimpaired the general line of the draft by which the combustion products reach the stack and pass out into the atmosphere. This may or may not be important. In the later patent to Bayer, No. 1,114,486, it is declared by the inventor that the object of his invention is "the elimination of the blower installation on the rear of the boiler."

Whether important or not, the inventive idea, if any, would seem to be fully disclosed in Bayer, 919,680, in the following language:

"By virtue of the disposition of the nozzles as here described, it follows that the combined action of the jets issuing from the several nozzles when the steam is turned on, will serve to mechanically dislodge any accumulations of dirt which may have settled around the tubes T, and will impel them along when once dislodged, in the general direction followed by the products of combustion."

This feature, however, whether novel or otherwise, does not appear to be covered by claim 1 of the patent in suit, although it is vigorously contended in the brief of counsel for appellant that this distinguishes its claimed invention from a mere lengthening or extension of the nozzles of the front blower, to which no direct reference is made, either in the description or claims of the patent. If claim 1 were read to include this feature, it would necessarily limit this claim to this particular arrangement of the nozzles of the front and rear blowers. It is clear that appellee does not infringe in this respect, for it does not operate the extended nozzles of its front blower at the same time or in conjunction with nozzles of a rear blower.

It is further claimed on behalf of the appellant that the zone of initial precipitation is not a fixed and definite point, but varies with the amount of the deposit that is permitted to accumulate by failure to operate the cleaner as often as necessary; that in this way, the initial zone, measured by this accumulated deposit, is extended forward from the rear end of the baffle four feet or more. If this is the correct conclusion to be drawn from the evidence in this case, then the cleaner of the patent in suit is not distinguished from a mere extension of the nozzles of the prior art by being extended to a fixed and definite point.

It is a self-evident proposition that, where invention is claimed by reason of the extension of these nozzles to a certain definite and fixed point on the baffle plate, as distinguished from a mere extension of the nozzle, which would not amount to invention, the inventor cannot, in locating this fixed point, monopolize substantially all of the baffle plate, so that a mere extension of the nozzles would be infringement. It is true, perhaps, that some reasonable latitude may be allowed in determining the initial zone of precipitation; but that zone, for the purposes of this patent, cannot be extended to unreasonable dimensions by neglect or failure to operate the cleaner as contemplated and required to keep the baffle reasonably clean. If so, such neglect might result in extending the zone of initial precipitation the entire length of the baffle. This would mean, not the extension, but the elimination, of this zone.

Aside from these considerations, these cleaners are in the nature of permanent fixtures, and for this reason the point to which the nozzles are to be extended must be determined at the time of their installation. In determining this question in reference to the zone of initial precipitation the engineer in charge of the installation would naturally take into consideration a reasonable limitation of this zone, such as is shown in the drawings of the patent in suit, and the proper use of the cleaner at such intervals as may be necessary to restrict the deposits to this zone. If, when the cleaner of the patent in suit is installed in accordance with the teachings of the patent, the deposits, through neglect to use the cleaner, are permitted to accumulate for a substantial distance towards the front of the boiler and to the rear of the jet discharged from the nozzles, then it would appear from the evidence that the extended nozzles would not, and could not, dislodge this deposit for any substantial distance back of the jets discharged therefrom. Whether this be true or not, it is the theory upon which the appellee's cleaner is constructed. If it is not true, then it is apparent that the adaptation of the principles of operation of Bayer, 919,680, to long boilers, involves no problem whatever, but, on the contrary, requires no more than the mere extension of the nozzles.

However that may be, it is obvious that this is all that the appellee has done. It clearly appears from the evidence that the nozzles in appellee's cleaner are extended about half the length of the baffle plate. The length of appellee's nozzles is not determined by the zone of initial precipitation; but, on the contrary, it is determined by the effective range of the short header nozzles in the front blower, so that there will be no space on the lower baffle plate where soot and dirt may accumu-

late back of the end of the extended nozzles, and beyond the effective force of the short header nozzles, as would probably occur in the use of the appellant's cleaner, if the deposits were permitted to accumulate for any substantial distance toward the front end of the baffle plate and back of the jet discharged from the longer nozzles.

For the reasons stated, this court is of the opinion that the appellee's cleaner does not infringe claim 1 of the patent in suit.

The judgment of the District Court is affirmed.